IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MANUEL MARTINEZ,

    Plaintiff,

VS.                                                                                                  Civ. No._____

REY BAROS,
AND
REY'S SERVICE CENTER, LLC,

    Defendants.

**<u>PLAINTIFF'S ORIGINAL COMPLAINT TO
RECOVER DAMAGES FOR PERSONAL INJURIES</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

    Plaintiff Manuel Martinez files this Original Complaint to Recover Damages for Personal Injuries and would respectfully show the court the following:

## I.
## PARTIES AND SERVICE

**A.    Plaintiff**

    1.1    Plaintiff Manuel Martinez is and was a resident of Texas at all times relevant to this action.

**B.    Defendants**

    1.2    Defendant Rey Baros ("Baros") is a natural person who is and was a resident of the State of Texas but maintained systematic contacts with the State of New Mexico by doing business and performing job duties for his employer Rey's Service Center, LLC both before and after the incident made the basis of this lawsuit. Defendant Baros may therefore be served according to the New Mexico Long-Arm Statute and may be served with process at his last known residence located at 900 NW Avenue G, Seminole, Texas, 79360, or wherever he may be found.

1.3     Defendant Rey's Service Center ("Rey's Service LLC") is a Texas limited liability company at the time of the subject incident but maintained systematic contacts with the State of New Mexico by operating a business for profit in New Mexico both before and after the incident made the basis of this lawsuit.  Defendant Rey's Service LLC may therefore be served according to the New Mexico Long-Arm Statute and may be served with process by and through its registered agent in Texas, Raymond Baros Sr., 513 NW 11th Street, Seminole, Texas, 79360, or wherever it may be found.

## II.
## JURISDICTION AND VENUE

2.1     Jurisdiction and venue of the Court is proper pursuant to NMSA, 1978 § 38-3-1.

## III.
## BACKGROUND FACTS

3.1     On or about July 14, 2018, Plaintiff Manuel Martinez was traveling in the westbound lane of Delaware Basin Road in Lea County, New Mexico.

3.2     Also, on that date and at that time, Defendant Baros was operating a commercial vehicle, owned and controlled by Defendant Rey's Service LLC, behind Plaintiff in the westbound lane of Delaware Basin Road in Lea County, New Mexico.

3.3      At all times relevant to this action, Defendant Baros was: acting as an employee of; working within the course and scope of his duties for; performing services in furtherance of the business interests of; driving in furtherance of a mission for the benefit of; and/or subject to the control as to the details of his mission by Defendant Rey's Service LLC.

3.4     At approximately 9:03 a.m., Defendant Baros merged into the eastbound lane of Delaware Basin Road, attempting to pass in a no passing zone, causing a collision with Plaintiff.

3.5     As a result of Defendant Baros' misconduct, Plaintiff was seriously injured.

3.6     Defendant Baros was issued a citation for passing in a no passing zone as a result of the subject incident.

## IV.
## PLAINTIFF'S CLAIM OF NEGLIGENCE AND GROSS NEGLIGENCE AGAINST DEFENDANT REY BAROS

### A.     Negligence

4.1     Defendant Baros committed acts of omission and commission, which collectively and severally constituted negligence, and which were the proximate causes of Plaintiff's injuries and his resulting injuries.

4.2     Defendant Baros' negligent acts include, but are not limited to:

   a.     Failure to maintain proper control of his commercial vehicle;

   b.     Failure to keep a proper lookout which operating his commercial vehicle;

   c.     Failure to keep mental and physical alertness while operating his commercial vehicle;

   d.     Distracted driving;

   e.     Failure to maintain his commercial vehicle; and

   f.     Violations of applicable state and/or local regulations.

### B.     Gross Negligence

4.3     During relevant times to this action, Defendant Baros committed acts of omission and commission, which collectively and severally constituted gross negligence, and which were proximate causes of Plaintiff's injuries and his resulting damages.

4.4     The wrong done by Defendant Baros, even after learning of, knowing, and/or realizing the potential for serious injury and/or death, was aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages.

4.5	Defendant Baros' conduct, when viewed objectively from his standpoint at the time of his conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Baros was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

## V.
## PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST DEFENDANT REY'S SERVICE CENTER, LLC

5.1	At the time of the occurrence of the act in question and immediately prior thereto, Defendant Baros was performing services for the benefit of Defendant Rey's Service LLC.

5.2	At the time of the occurrence of the act in question and immediately prior thereto, Defendant Baros was engaged in the furtherance of Defendant Rey's Service LLC's business.

5.3	At the time of the occurrence of the act in question and immediately prior thereto, Defendant Baros was engaged in accomplishing a task for which Defendant Baros was employed.

5.4	Plaintiff invokes the doctrine of Respondeat Superior against Defendant Ray's Service LLC.

## VI.
## PLAINTIFF'S CLAIM OF NEGLIGENCE AND GROSS NEGLIGENCE AGAINST DEFENDANT REY'S SERVICE CENTER, LLC

**A.	Negligence**

6.1	Defendant Rey's Service LLC committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of Plaintiff's injuries and his resulting damages.

6.2     Defendant Rey's Service LLC's negligent acts include, but are not limited to:

    a.   entrusting the subject vehicle to Defendant Baros;

    b.   hiring Defendant Baros;

    c.   retaining Defendant Baros;

    d.   failing to train Defendant Baros; and

    e.   failing to supervise Defendant Baros.

**B.     Gross Negligence**

6.3     During relevant times to this action, Defendant Rey's Service LLC, by and through its agent and employee Defendant Baros, committed acts of omission and commission, which collectively and severally constituted gross negligence. Such gross negligence was a proximate cause of Plaintiff's injuries and his resulting damages.

6.4     The wrong done by Defendant Rey's Service LLC, even after learning of, knowing, and/or realizing the potential for serious injury and/or death, was aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages.

6.5     Defendant Rey's Service LLC's conduct, when viewed objectively from their standpoint at the time of its conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Rey's Service LLC was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

6.6     Further, Defendant Rey's Service LLC authorized, condoned, approved, and/or ratified its employee's grossly negligent conduct that proximately caused Plaintiff's injuries and his resulting damages.

6.7     Further, Defendant Baros was unfit for performing his assigned job duties, and Defendant Rey's Service LLC was reckless in employing him.

## VII.
## DAMAGES

**A.     Plaintiff Manuel Martinez' Personal Injury Damages**

7.1     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer injuries to his body, both temporary and permanent, and to incur the following damages: endured pain and suffering, both physical and mental, incurred medical expenses, has undergone medical treatment and will undergo medical treatment in the future and have suffered loss of enjoyment of life, general bodily impairment and have been unable to engage in normal family, social, recreational, and household services, activities, lost income, and other damages which will continue into the future.  Plaintiff is entitled to compensation for his damages.

**B.     Punitive Damages**

7.2     As a result of the gross negligence committed by Defendants, Plaintiff seeks punitive damages against Defendants in an amount deemed appropriate by the jury.

**C.     Interest**

7.3     Plaintiff seeks pre-judgment and post-judgment interest at the applicable rate allowed by law.

## PRAYER

**WHEREFORE,** Plaintiff prays for judgement against Defendants as follows:

      a.     For reasonable compensatory damages;

      b.     For punitive damages;

      c.     For prejudgment and post judgment interest; and

    d.    For the cost of this action, and for such other and further relief that the Court deems just and proper.

Respectfully submitted,

**HERRING LAW FIRM**

By:   */s/ Mason W. Herring*
         **Mason W. Herring**
         2000 West Loop South, Suite 2200
         Houston, Texas 77027
         Telephone:   832.500.3170
         Telefax:       832.500.3172
         E-mail:        mherring@herringlawfirm.com

**ATTORNEY FOR PLAINTIFF**