IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Manuel Martinez,

    Plaintiff,

v.                                               Civ. No. 2:21-cv-00633 MIS/CG

Rey Baros and Rey's Service
Center, LLC,

    Defendants.

## ORDER TO AMEND

THIS MATTER comes before the Court upon review of the Amended Complaint. ECF No. 12. In the absence of a jurisdictional challenge by any party, the Court has a duty to determine, sua sponte, the existence of federal subject matter jurisdiction. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988); Fed. R. Civ. P. 12(h)(3). Because it appears that diversity of citizenship has not been successfully alleged in this case, Plaintiff is directed to amend the Complaint within ten (10) days of the filing of this Order with additional jurisdictional allegations, as outlined below.

## BACKGROUND

Plaintiff filed suit in this Court on July 9, 2021, asserting claims of negligence and gross negligence arising out of a motor vehicle accident that occurred on or about July 14, 2018. ECF No. 1. ECF No. 12. On August 3 and August 5, 2021, respectively, Defendants Rey's Service Center, LLC ("Rey's Service Center") and Rey Baros filed motions to dismiss for lack of subject matter jurisdiction. ECF Nos. 6, 10. Plaintiff filed the operative Amended Complaint on August 23, 2021, and Defendants withdrew their motions as a result. ECF Nos. 12, 17, 20.

1

The basis for federal subject matter jurisdiction, as alleged in the Amended Complaint, is somewhat opaque. In the text of the Amended Complaint, Plaintiff alleges that jurisdiction and venue are proper in the United States District Court for the District of New Mexico "pursuant to NMSA, 1978 § 38-3-1."[1] ECF No. 12 at ¶ 3.1. However, on the Civil Cover Sheet filed with the original Complaint, Plaintiff checked the box next to "U.S. Government Plaintiff" under the heading "Basis of Jurisdiction." ECF No. 1-1. Finally, in his response to Defendants' motions to dismiss, Plaintiff referenced diversity of citizenship. ECF No. 13 at 1. Based on Plaintiff's brief and the absence of any other plausible basis for federal subject matter jurisdiction,[2] the Court assumes that Plaintiff intended to invoke diversity jurisdiction and reviews the Amended Complaint accordingly.

## LEGAL STANDARD

The federal diversity statute, 28 U.S.C. § 1332, confers original jurisdiction on the federal district courts where the amount in controversy exceeds $75,000 and no plaintiff is a citizen of the same state as any defendant. *Id.*; *Grynberg v. Kinder Morgan Energy, LP*, 805 F.3d 901, 904 (2015). Diversity of citizenship is determined at the time of filing. *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 570–71 (2004).

For purposes of diversity jurisdiction, "a person is a citizen of a state if the person is domiciled in that state," which entails both physical residence and an intent to remain there indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citing

---

[1] Section 38-3-1 is a state statute that establishes the county in which a civil action may be commenced in state district court. NM Stat. § 38-3-1 (2018).

[2] Plaintiff's claims sound in negligence and do not present a federal question. *See* 28 U.S.C. § 1331. Likewise, notwithstanding Plaintiff's contrary indication on the Civil Cover Sheet, the United States is not a party to this suit. *See* 28 U.S.C. § 1345.

*Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983)). A corporation is considered a citizen of "every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). An unincorporated association, such as a limited liability corporation ("LLC"), "takes the citizenship of all its members." *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) (citing *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419–20 (3d Cir. 2010); *ConAgra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1180 (10th Cir. 2015)).

## DISCUSSION

With respect to diversity of citizenship, the Amended Complaint contains the following allegations:

> 1.1   Plaintiff Manuel Martinez was a resident of Texas at the time of the crash but at the time of filing of his Original Complaint is a resident and citizen of New Mexico.[3]
>
> 1.2   Defendant Rey Baros ("Baros") is a natural person who is and was a resident of the State of Texas but maintained systematic contacts with the State of New Mexico by doing business and performing job duties for his employer Rey's Service Center, LLC both before and after the incident made the basis of this lawsuit. [. . .][4]
>
> 1.3   Defendant Rey's Service Center . . . is a Texas limited liability company at the time of the subject incident but maintained systematic contacts with the State of New Mexico by operating a business for profit in

---

[3] In the original Complaint filed July 9, 2021, Plaintiff alleged that he was a resident of the State of Texas "at all times relevant to this action." ECF No. 1 at ¶ 1.1. Plaintiff explained in his response brief that this was a typographical error. ECF No. 13 at 1. The Amended Complaint reflects that he was, in fact, a citizen of the State of New Mexico on the date of filing. ECF No. 12 at ¶ 1.1.

[4] Although residence is not necessarily synonymous with citizenship, "the place of residence is *prima facie* the domicile." *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). The Court therefore finds no jurisdictional defect, in the absence of contrary evidence, on the basis that Plaintiff alleged Defendant Rey Baros' state of residence rather than his state of citizenship. ECF No. 1 ¶¶ 1.1, 1.2.

New Mexico both before and after the incident made the basis of this lawsuit.

ECF No. 12 at 1–2.

It is impossible to determine, on the face of these allegations, whether complete diversity existed at the time of filing. *See Grynberg*, 805 F.3d at 904. The Amended Complaint does not adequately allege the citizenship of Defendant Rey's Service Center. First, it is unclear what is meant by the statement that Defendant Rey's Service Center "is a Texas limited liability company." ECF No. 12 at ¶ 1.3. The relevant inquiry is whether Defendant Rey's Service Center is a citizen of Texas. As explained above, an LLC is a citizen of every state in which any of its members is a citizen. *Siloam Springs Hotel*, 781 F.3d at 1234. Perhaps Plaintiff intended to indicate that every member of Defendant Rey's Service Center is a citizen of Texas, and, accordingly, that Defendant Rey's Service Center is a citizen of Texas. However, this has not been clearly alleged. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("A federal court's jurisdiction must clearly appear from the face of a complaint or removal petition[.]"). Any amendment of the Complaint should therefore reflect the citizenship of Defendant Rey's Service Center as it is properly determined.

Second, Plaintiff alleges that Defendant Rey's Service Center was a "Texas limited liability company *at the time of the subject incident*." ECF No. 12 at ¶ 1.3 (emphasis added). Diversity of citizenship must exist, not at the time of the subject incident, but at the time of filing. *Grupo Dataflux*, 541 U.S. at 570–71. The Amended Complaint contains no allegation about Defendant Rey's Service Center's citizenship on the relevant date.

Consequently, any amendment of the Complaint should also reflect the citizenship of Defendant Rey's Service Center as it existed on July 9, 2021, the date of filing.[5]

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff file a Second Amended Complaint no later than **November 15, 2021**, curing the deficiencies set forth above. In the event no amendment is filed, this action will be dismissed without prejudice for lack of subject matter jurisdiction.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[5] In the event that Plaintiff has difficulty obtaining any relevant information about Defendant Rey's Service Center's citizenship, Plaintiff should so notify the Court before the stated deadline.